UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA,                    :

                   Respondent,    :    **08 cr 894 (AKH)**
                                        **08 mj 876 (JCF)**

     - v -                                :

**JASON ARZBERGER,**                          :

               Petitioner.    :

--------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE GOVERNMENT'S REQUEST FOR IMPOSITION OF THE
CONDITIONS OF PRETRIAL RELEASE REQUIRED BY THE
ADAM WALSH AMENDMENTS TO THE BAIL REFORM ACT
OF 1984**

                          LEONARD F. JOY, ESQ.
                          FEDERAL DEFENDER OF NEW YORK, INC.
                            APPEALS BUREAU
                          52 Duane Street, 10th Floor
                          New York, New York 10007
                          Tel.: (212) 417-8742

                          Attorney for Petitioner
                          **JASON ARZBERGER.**

**DARRELL B. FIELDS,**
   Of Counsel

TO:  **MICHAEL J. GARCIA, ESQ.**
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007

     Attn.:  **AMIE N. ELY, ESQ.**
            Assistant United States Attorney

**TABLE OF CONTENTS**

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . iii

I.  Introduction  . . . . . . . . . . . . . . . . . . . . 1

II. Background . . . . . . . . . . . . . . . . . . . . . . 2

    A.  After an individualized determination, the
        Court releases Mr. Arzberger without a
        curfew or electronic monitoring . . . . . . . . . . 2

    B.  The Government requests modification of the
        release conditions because of the Adam Walsh
        Amendments. . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

THE ADAM WALSH AMENDMENTS ADD UNCONSTITUTIONAL
REQUIREMENTS TO THE BAIL REFORM ACT . . . . . . . . . . . . . 4

    A.  Statutory Authority and the Adam Walsh
        Amendments  . . . . . . . . . . . . . . . . . . . . 4

    B.  The Adam Walsh Amendments to the Bail Reform
        Act have been found unconstitutional by courts
        that have considered them . . . . . . . . . . . . . 7

    C.  The Adam Walsh Amendments mandating certain
        conditions of pretrial release violate
        Mr. Arzberger's procedural due process rights
        under the Fifth Amendment . . . . . . . . . . . . . 9

        1.  A person accused of an offense has a
            liberty interest in being free from
            unwarranted, excessive conditions of
            pretrial release.  . . . . . . . . . . . . . 11

        2.  The Adam Walsh Amendments provide
            insufficient protections for the
            liberty interest at issue . . . . . . . . . 13

D.      The Adam Walsh Amendments also violate the
        Excessive Bail Clause of the Eighth Amendment
        because there is no individualized assessment
        of the appropriate conditions of bail. . . . . . .   16

        1.    There is no identifiable government interest
              addressed by the Adam Walsh Amendments to the
              Bail Reform Act of 1984 . . . . . . . . . . .   18

        2.    Even  if  this  Court  were  to  discern  a
              government   interest   underlying   these
              Amendments,  the  Government's  response   --
              mandating conditions of release in every case
              -- is excessive. . . . . . . . . . . . . . .   19

E.      The  Adam  Walsh  Amendments  violate  the
        Separation of Powers doctrine. . . . . . . . . .   21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . .   24

## TABLE OF AUTHORITIES

**CASES**

Goldberg v. Kelly, 254 U.S. 254 (1970) . . . . . . . . . . 10

Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004) . . . . . . 10, 14

Kentucky Department of Corrections v. Thompson, 490 U.S.
    454 (1989) . . . . . . . . . . . . . . . . . . . . . 10

Matthews v. Eldridge, 424 U.S. 319 (1976) . . . . . . . 10, 11

Michael H. v. Gerald D., 491 U.S. 110 (1989) . . . . . . . 11

Mistretta v. United States, 488 U.S. 361 (1989) . . . . . . 21

Myers v. United States, 272 U.S. 52 (1926) . . . . . . . . 21

Reno v. Koray, 515 U.S. 50 (1995) . . . . . . . . . . . . 11

Schall v. Martin, 467 U.S. 253 (1984) . . . . . . . . . . 16

Stack v. Boyle, 342 U.S. 1 (1951) . . . . . . . . . . . 17, 23

United State v. Abuhamra, 389 F.3d 309 (2d Cir. 2004) . . . . 11

United States v. Crowell, No. 06-M-1095, 2006 WL 3541736
(W.D.N.Y. Dec. 7, 2006) . . . . . . . . . . . . . . 2, 7, 10, 18

United States v. Gardner, 523 F. Supp. 2d 1025
    (N.D. Cal. 2007) . . . . . . . . . . . . . . 8, 9, 18, 19

United States v. Klein, 80 U.S. 128 (1871) . . . . . . . . 22

United States v. Salerno, 481 U.S. 739 (1987) . . . . . . passim

United States v. Torres, 566 F. Supp. 2d 591
    (W.D. Tex. 2008) . . . . . . . . . . . . . . . . . passim

United States v. Vujnovich, 2007 WL 4125901
    (D. Kan. Nov. 10, 2007) . . . . . . . . . . . . . . . 2

United States v. Vujnovich, No. 07-20126-01-CM-DJW,
    2008 WL 687203 (D. Kan. March 11, 2008) . . . . . 2, 7, 13

William v. Fears, 179 U.S. 270 (1900) . . . . . . . . . . 13

## STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 2252A(a)(5)(B)  . . . . . . . . . . . . . . . .  3, 6

18 U.S.C. § 3142(c)(1)(B)  . . . . . . . . . . . . . . . 5, 18

Adam Walsh Amendments, H.R. 4472, Pub. L. No. 109-248 . . . 5, 18

Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq  . . . . . 1, 11

S.Rep., No. 98-225, 98th Cong., 1st Sess. 26 (1983),
    reprinted in 1984 U.S. Cong. & Admin. News 3182,
    3187-88  . . . . . . . . . . . . . . . . . . . 19, 20, 21

U.S. Const., amend. V . . . . . . . . . . . . . . . . . . . 9

U.S. Const., amend. VIII  . . . . . . . . . . . . . . . . . 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA,            :

                   Respondent,    :    **08 cr 894 (AKH)**
                                  **08 mj 1876(JCF)**

     - v -                              :

**JASON ARZBERGER,**                     :

                 Petitioner.    :

---------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO THE GOVERNMENT'S REQUEST FOR IMPOSITION OF
CONDITIONS OF PRETRIAL RELEASE REQUIRED BY
THE ADAM WALSH AMENDMENTS TO THE BAIL REFORM
ACT OF 1984**

## I.    Introduction

On August 27, 2008, Mr. Arzberger was brought before the Court on a criminal complaint.  The Court determined to grant Mr. Arzberger bail and decided on the conditions necessary to secure Mr. Arzberger subsequent court appearances and the safety of the public.  Two days after that determination, the Government requested changes to the conditions of release, not because of any changed circumstances, but to add certain conditions, such as curfew and electronic monitoring, required by the Adam Walsh Amendments to the Bail Reform in 2006.  See 18 U.S.C. §§ 3141 et seq., as amended by Adam Walsh Child Protection and Safety Act of 2006, H.R. 4472, Pub. L. No. 109-248 ("Adam Walsh Amendments").

Defense counsel objected to the imposition of the additional condition of electronic monitoring, pointing out (in a letter dated September 2, 2008), that several cases have considered the constitutionality of the Adam Walsh Amendments and concluded that they were unconstitutional. The Government, in a 34-page memorandum, dated September 18, 2008, noted that "there are very few cases concerning the constitutionality of the Act's conditions" and that the majority of those cases have found it unconstitutional. See Government's memorandum of law ("Gov't Mem.") at 10. It nevertheless argues that the Walsh Amendments are constitutional.

As explained below, however, the Adam Walsh Amendments violate Mr. Arzberger's rights under the Due Process Clause of the Fifth Amendment, the Excessive Bail Clause of the Eighth Amendment, and the Separation of Powers doctrine. See United States v. Torres, 566 F.Supp. 2d 591 (W.D. Tex. 2008); United States v. Vujnovich, No. 07-20126-01-CM-DJW, 2008 WL 687203 (D. Kan. March 11, 2008); United States v. Vujnovich, 2007 WL 4125901 (D. Kan. Nov. 10, 2007); United States v. Crowell, No. 06-M-1095, 2006 WL 3541763 (W.D.N.Y. Dec. 7, 2006).

## II. Background

### A. After an individualized determination, the Court releases Mr. Arzberger without a curfew or electronic monitoring.

On August 27, 2008, Mr. Arzberger had an initial appearance

2

before the Court (Magistrate Judge James C. Francis) on a two-count complaint. The complaint charged him in Count One with possessing child pornography, under 18 U.S.C. § 2252A(a)(5)(B), and in Count Two with receiving child pornography, under 18 U.S.C. § 2252A(a)(2)(B).

The Court determined to release Mr. Arzberger on an agreed bail package of $100,000. The bail package was secured by $10,000 cash and was signed by two financially responsible persons. The Court's release order also imposed the following conditions on Mr. Arzberger:

- that he restrict his travel to the Southern and Eastern Districts of New York;

- surrender his travel documents;

- be subject to pretrial supervision, including drug testing and treatment;

- have no unsupervised contact with minors;

- allow monitoring of his computer use; and

- undergo mental health evaluation and treatment by an independent service provider.

**B.   The Government requests modification of the release conditions because of the Adam Walsh Amendments.**

After the release conditions were imposed, the Government, on August 29, 2008, asked the Court to change Mr. Arzberger's

3

release conditions to add certain conditions that the Adam Walsh Amendments had added to the bail statute: 18 U.S.C. § 3142(c)(1)(B). It requested that Mr. Arzberger:

> (1) be subject to electronic monitoring; (2) be directed to avoid contact with my potential witnesses who may testify regarding his offense; (3) be directed to comply with a specified curfew; and (4) be directed to refrain from possessing a firearm, destructive device, or other dangerous weapon.

On September 2, 2008, the defense objected to imposition of the additional conditions on the grounds that the Adam Walsh Amendments to the bail statute were unconstitutional. The Government's memorandum in response was filed on September 18, 2008. The defense response to that memorandum is due October 1, 2008.[1]

**ARGUMENT**

**THE ADAM WALSH AMENDMENTS ADD UNCONSTITUTIONAL REQUIREMENTS TO THE BAIL REFORM ACT.**

**A.   Statutory Authority and the Adam Walsh Amendments**

The detention provisions of the Bail Reform Act of 1984 create a rebuttable presumption that release pending trial should be denied for defendants charged with certain crimes. 18 U.S.C.

---

[1] A two-count indictment, containing the same two charges as the criminal complaint was filed on September 19, 2008. Mr. Arzberger was arraigned on the charges on the indictment by Magistrate Judge Gabriel W. Gorenstein on September 23, 2008, and the conditions of release were not changed.

§ 3142(e).   This presumption, however, may be rebutted at a hearing where the defendant shows that detention is not necessary to assure court appearances or for the community's protection. 18 U.S.C. § 3142(f).   Thus, the fact that a defendant has been charged with a particular crime is not enough to require detention; rather, there are procedural safeguards built into the Bail Reform Act of 1984 that the Supreme Court has determined are necessary to protect a defendant's constitutional rights:   "In a full-blown adversarial hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person."   <u>United States v. Salerno</u>, 481 U.S. 739, 750 (1987).

On July 27, 2006, Congress enacted the Adam Walsh Amendments, H.R. 4472, Pub. L. No. 109-248, which amended the Bail Reform Act of 1984, to remove this rebuttable presumption and procedural safeguards in certain cases.   The provision -- 18 U.S.C. § 3142(c)(1)(B) -- now reads as follows:

> **Release on conditions. - (1)** If the judicial officer determines that the release described in Section (b) of this section [<u>i.e.</u>, personal recognizance or unsecured appearance bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person-
>
> * * * *

**(B)** subject to the least restrictive further conditions, or a combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person – [be subjected to any condition or combination of conditions listed in 3142(c)(1)(B)(I) through (xiv)].

**In any case that involves a minor victim under Section...2252A(a)(1),2252A(a)(2), 2252A(a)(3), 2252A(a)(4)...of this title...any release order *shall* contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at paragraphs (iv), (v), (vi), (vii) and (viii).**

18 U.S.C. § 3142(c)(1)(B) (2006) (as amended) (emphasis added).

Here, therefore, because Mr. Arzberger was charged with violation of 18 U.S.C. § 2252A(a)(2), and he was not released on his personal recognizance or an unsecured appearance bond, the Adam Walsh Amendments to the bail statute applied.[2]  These mandatory condition are as follows:

(iv)  abide by specified restrictions on personal associations, place of abode, or travel;

(v)  avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi)  report on a regular basis to a

---

[2] No minimum release conditions apply to offenses charging mere possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B), the charge alleged in Count Two of the indictment.  The complaint charged Mr. Arzberger with § 2252A(a)(2)(B) (Count One); the indictment charges him with violating § 2252A(a)(2)(A) (Count One).

6

designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon.

18 U.S.C. § 3142(c)(1)(B)(iv)-(viii).

As discussed below, the Adam Walsh Amendments, requiring courts to impose the above-referenced conditions -- without any discretion to do otherwise -- violate the United States Constitution. As the <u>Crowell</u> court held, the mandatory conditions (1) violate procedural due process under the Fifth Amendment; (2) violate the Excessive Bail Clause of the Eighth Amendment; and (3) contravene the separation of powers doctrine.

**B.   The Adam Walsh Amendments to the Bail Reform Act have been found unconstitutional by courts that have considered them.**

The cases that have reviewed the Adam Walsh Amendments to the Bail Reform Act have concluded that they did not survive constitutional scrutiny. <u>United States v. Torres</u>, 566 F. Supp. 2d 591 (W.D. Tex. 2008); <u>United States v. Vujnovich</u>, No. 07-20126-01-CM-DJW, 2008 WL 687203 (D. Kan. March 11, 2008); <u>United States v. Crowell</u>, No. 06-M-1095, 2006 WL 3541736 (W.D.N.Y. Dec. 7, 2006). Courts have concluded that the Amendments (1) violate procedural due process by eliminating any independent judicial determination about the appropriateness of the mandatory release conditions; (2) violate the Excessive Bail Clause by mandating

7

the imposition of certain conditions without regard to "the personal characteristics of each defendant and circumstances of the offense;" and (3) contravene the separation of powers doctrine because they "unmistakedly and unduly encroach upon the judicial function, exclusively reserved by Article III[.]" <u>See</u> <u>Crowell</u>, 2006 WL 3541736 at *2, *10, *11.

Although the Government contends that <u>United States v.</u> <u>Gardner</u>, 523 F.Supp.2d 1025 (N.D. Cal. 2007) held otherwise (Gov't mem. at 10, 12-13), a district judge has recently observed that "the court in <u>Gardner</u> did not actually analyze the constitutionality of the Adam Walsh Amendments[.]" <u>Torres</u>, 566 F. Supp. 2d at 599 n.2. In <u>Gardner</u>, the court had imposed a "curfew" as a condition of Gardner's release independent of the Adam Walsh Amendments. The curfew was "enforced by monitoring" "via automated telephone calls" that required "her to answer her home phone during he hours of her curfew to demonstrate compliance with the curfew." <u>Gardner</u>, 523 F.Supp.2d at 1026, 1030. Therefore, the <u>Gardner</u> court only analyzed the impact of imposing electronic monitoring on a defendant whose release had already been conditioned on a curfew. <u>Gardner</u>, 523 F.Supp.2d at 1029, 1030, 1032. Thus, "as applied to Ms. Gardner, the Adam Walsh Act only modifies the manner in which her curfew is being monitored." <u>Gardner</u>, 523 F. Supp.2d at 1032. <u>Gardner</u>, therefore, is unlike this case, or the above cases. As a

district court observed,

> the court in <u>Gardner</u> stated that were it to
> consider both electronic monitoring and the
> curfew, the outcome of that case would have
> been different.

<u>Torres</u>, 566 F. Supp. 2d at 599, n.2; <u>see</u> <u>Gardner</u>, 523 F.Supp.2d
at 1034 (noting that in <u>Crowell</u>, the effect of the Amendments
"was significantly more substantial and substantive than the case
at bar" "[g]iven the effect of a curfew on substantive
freedom[.]").

**C.   The Adam Walsh Amendments mandating certain conditions
of pretrial release violate Mr. Arzberger's procedural
due process rights under the Fifth Amendment**

The Adam Walsh Amendments to the Bail Reform Act, as set out
in § 3142(c)(1)(B), violate the Due Process Clause by mandating
the imposition of certain conditions affecting a liberty
interest, without any exercise of judicial discretion. "This
paragraph prevents the courts from evaluating and setting
relevant conditions of pretrial release and, instead, mandates
conditions which implicate significant liberty interests."
<u>United States v. Torres</u>, 566 F.Supp.2d 596 (W.D. Tex. 2008); <u>see
also</u> <u>United States v. Crowell</u>, 2006 WL 3541736 at *9-*10.

The Due Process Clause of the Fifth Amendment provides that
the government shall not deprive a person of "life, liberty, or
property without due process of law." U.S. Const., amend. V.
The procedural component of due process instructs that,
regardless of the interest involved, "the fundamental requisite

9

of due process of law is the opportunity to be heard." <u>See</u>
<u>Goldberg v. Kelly</u>, 254 U.S. 254, 263 (1970) (internal quotations
and citations omitted). The mandatory pretrial release
conditions of the Adam Walsh Amendments violate procedural due
process by stripping the Bail Reform Act of necessary procedural
safeguards, required by the Constitution. <u>See</u> <u>United States v.</u>
<u>Salerno</u>, 481 U.S. 739, 751-52 (1987). The Amendments ignore the
procedural requirement for an independent judicial determination
concerning what conditions are necessary to ensure a defendant's
appearance at trial and the safety of the community. <u>Id.</u>;
<u>Crowell</u>, 2006 WL 2541736 at *9-*10.

The process due in a given situation is determined by
weighing "the private interest that will be affected by the
official action" against the "Government's asserted interest,
'including the function involved' and the burdens the Government
would face in providing greater process." <u>Matthews v. Eldridge</u>,
424 U.S. 319, 335 (1976). The inquiry involves a two-step
analysis. <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S.
454, 460 (1989). First, the court determines whether a protected
liberty or property interest exists. The court must then
determine whether the procedures attendant to the deprivation of
that interest are constitutionally sufficient. <u>Id.</u> In so doing,

> [a] court must carefully balance these
> competing concerns, analyzing "'the risk of
> an erroneous deprivation' of the private
> interest if the process were reduced and the

10

'probable value, if any, of additional or substitute safeguards.'"

United State v. Abuhamra, 389 F.3d 309, 318 (2d Cir. 2004) (quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004) (quoting Mathews v. Eldridge, 424 U.S. at 335)).

**1. A person accused of an offense has a liberty interest in being free from unwarranted, excessive conditions of pretrial release.**

"[T]he term 'liberty' in the Due Process Clause extends beyond freedom from physical restraint ... [T]he interest denominated as a 'liberty' [must not only] be 'fundamental' but also ... an interest traditionally protected by our society." Michael H. v. Gerald D., 491 U.S. 110, 121-22 (1989) (internal quotations and citations omitted). The question of release or detention under the Bail Reform Act implicates a fundamental liberty interest, as do Congressionally mandated conditions of release that grossly restrict the freedom of a person who is accused, but not convicted, of a crime within the community. See Reno v. Koray, 515 U.S. 50, 56 (1995) ("the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty...").

The existence of the Excessive Bail Clause within the Constitution is evidence that the right to be free from unwarranted conditions of release has been considered a fundamental right from the country's inception. This fundamental

11

liberty interest was engrafted into the Bail Reform Act in the parsimony provision of the Act itself.  18 U.S.C. § 3142(c)(1)(B) (a defendant who is to be released is to be "subject to the least restrictive condition, or combination of conditions...").  The mandatory conditions of the Adam Walsh Amendments -- which include daily confinement to one's home for a period of time, monitored electronically -- implicate a liberty interest. Therefore, before any such conditions may be imposed, due process must be afforded the accused.

The Government argues, however, that the Adam Walsh Amendments implicate no liberty interest.  Although it acknowledges that "the curfew does restrict the defendant's freedom" (Gov't Mem. at 19), it claims that the "any remaining liberty interest" is minimal  because the Court has already restricted Mr. Arzberger's to the Southern and Eastern Districts of New York, and he is required to report to pretrial services. Gov't Mem. at 20.  However, restricting a person to the narrow confines of an apartment or a house during much of the day is a far more drastic curtailment of the person's freedom of movement than the current travel restrictions, which allow Mr. Arzberger freedom to move throughout the numerous counties that constitute the Southern and Eastern Districts of New York.  The "right to remove from one place to another according to inclination" is an "attribute of personal liberty" protected by the Constitution.

William v. Fears, 179 U.S. 270, 274 (1900).  Here, therefore, "[t]he private interest implicated is significant." Torres, 566 F.Supp.2d at 597.   "The mandatory curfew of the Adam Walsh Amendments implicates a liberty interest by curtailing an individual's ability to move from one place to another and to remain in a place of choice."  566 F.Supp.2d at 597 (citations omitted).

### 2. The Adam Walsh Amendments provide insufficient protections for the liberty interest at issue.

The Government argues that an accused has sufficient procedural protections because the mandatory conditions apply only after a judicial determination that release on personal recognizance or on an unsecured appearance bond is insufficient to secure the defendant's appearance or the safety of the community.  Gov't Mem. at 21-22.  However, due process requires more than a judicial determination of release or detention before an accused can be deprived of the liberty interests at issue here.  Requiring the imposition of conditions such as a curfew and electronic monitoring, based solely on the crimes charged, effectively creates "an irrebutable presumption" that the defendant's appearance at trial and the safety of the community cannot be achieved without the mandatory conditions. United States v. Vujnovich, No. 07-20126-01-CM-DJW, 2008 WL 687203, at *2 (D. Kan. March 11, 2008); Crowell, 2006 WL 3541736 at *9.

13

The Supreme Court in <u>Salerno</u> upheld the authorization for detention in the Bail Reform Act expressly because the statute did not require detention based solely on a charging decision. Although the Bail Reform Act permits defendants charged with a certain serious felonies to be detained pending trial, it does not mandate that the defendant be detained in every case, but instead creates a rebuttable presumption for detention, placing the burden on the defendant to demonstrate the detention is unnecessary. But, far from being mandated, the outcome of a detention hearing is determined by the neutral judicial officer after careful consideration of the delineated statutory factors. <u>Salerno</u>, 481 U.S. at 750-52; <u>see also</u> <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 533 (2004) (a U.S. citizen captured on the battlefield and detained as an enemy combatant is entitled to "notice of the factual basis of his classification, and a fair opportunity to rebut the government's factual assertions before a neutral decision maker"). The <u>Salerno</u> Court determined that it was because of these procedural safeguards that the Bail Reform Act was constitutional. <u>Salerno</u>, 481 U.S. at 750-52. It reasoned as follows:

> Nor is the [Bail Reform] Act by any means a
> scattershot attempt to incapacitate those who
> are merely suspected of these serious crimes.
> The government must first of all demonstrate
> probable cause to believe that the charged
> crime has been committed by the arrestee, but
> that is not enough. In a full-blown
> adversary hearing, the government must

14

> convince a neutral decisionmaker by clear and
> convincing evidence that no conditions of
> release can reasonably assure the safety of
> the community or any persons.

Salerno, 481 U.S. at 750.

Thus, fatally absent from the Adam Walsh Amendments are the "numerous procedural safeguards" outlined in Salerno. These included: (1) the right to a hearing before a judicial officer; (2) where the defendant is represented by counsel; (3) with the right to testify on his or her own behalf, proffer information and cross-examine witnesses called by the government. Id. at 751-52. By contrast, the Adam Walsh Amendments eviscerate the procedural safeguards of the Bail Reform Act.

In addition, by stripping the court of the power to make an individualized assessment of the need for curfew or electronic monitoring, "[t]he risk of an erroneous deprivation of liberty is manifest under the Adam Walsh Amendments." Torres, 566 F.Supp.2d at 597. Without a judicial determination, "there is a great risk that an arrestee will be deprived of his liberty erroneously." Id. at 597-98.

> In fact, without a judicial
> determination of the necessary conditions of
> release based upon the arrestee's particular
> circumstances, there is no means of knowing
> whether the deprivation is erroneous or
> warranted

Id. at 598. Moreover, requiring a judicial determination about the necessity of conditions such as curfew and electronic

monitoring would not place any significant burden on the Government. It would merely be required to demonstrate to a court the appropriateness of the conditions in the particular case.

In <u>Salerno</u>, the Court stated that to sustain a facial challenge to the procedures of the Bail Reform Act "we need only find [the procedures] 'adequate to authorize the pretrial detention of at least some [persons] charged with crimes'." 481 U.S. at 751. <u>Id.</u> (quoting <u>Schall v. Martin</u>, 467 U.S. 253, 264 (1984)). Here,

> [t]he Amendments fail this test as the legislatively mandated pretrial release conditions at issue, to be imposed based solely on the defendant's status as one accused of a certain crime, as well as one determined by the court to be ineligible for release solely upon personal recognizance, ignores the requirement for an independent judicial determination as to whether such additional mandated conditions are needed to assure defendant's future appearance or to avoid a danger to the community or an individual.

<u>Torres</u>, 566 F.Supp.2d at 599 (quoting <u>Crowell</u>, 2006 WL 3541736, at *8).

**D.   The Adam Walsh Amendments also violate the Excessive Bail Clause of the Eighth Amendment because there is no individualized assessment of the appropriate conditions of bail.**

The Eighth Amendment to the United States Constitution dictates that "excessive bail not be required." U.S. Const., amend. VIII. The Clause requires bail to be set on an individual

16

basis by the courts and not by Congress: "[T]he fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." Stack v. Boyle, 342 U.S. 1, 4 (1951) (monetary bail set uniformly in a multi-defendant case without individualized consideration violated the Excessive Bail Clause); see also Salerno, 481 U.S. at 754 ("bail shall not be excessive in those cases where it is proper to grant bail."). The mandatory conditions of release dictated by the Adam Walsh Amendments violate the Eighth Amendment's Excessive Bail Clause because they impose conditions without regard for the personal characteristics of the person accused.

The Supreme Court has instructed that, when considering a challenge under the Excessive Bail Clause,

> The only substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be "excessive" in light of the perceived evil. Of course, to determine whether the Government's response is excessive, we must compare that response against the interest the Government seeks to protect by means of that response.

United States v. Salerno, 481 U.S. 739, 754 (1987). Thus, the questions to be weighed by this Court are (1) what government interest is the amendment meant to address, and (2) is the government's response excessive.

1.   **There is no identifiable government interest addressed by the Adam Walsh Amendments to the Bail Reform Act of 1984**

Although Congress offered reasons for enacting other provisions of the Adam Walsh Act, no reasons were offered for the amendments to the Bail Reform Act at issue in this case. The mandatory bail conditions "were added to the bill's language only seven days prior to the bill's final passage. The amendment including the conditions was passed without substantive debate or supporting congressional reports." United States v. Gardner, 523 F. Supp.2d 1025, 1030 n.2 (N.D. Cal. 2007); see also Adam Walsh Act, H.R. 4472, Title II § 216. Thus, Congress made no finding identifying its rationale for amending the bail statute. See Adam Walsh Act, H.R. 4472, Title II § 216; Gardner, 523 F.Supp.2d at 1030 n.2. Nor does anything in the Congressional record offer a basis for the addition of these mandatory conditions. See Children's Safety and Violent Crime Reduction Act of 2006, 152 Cong. Rec. S. 8012-02 (July 20, 2006), 2006 WL 2034118.

The lack of Congressional findings in support of the Amendments is in contrast to the Congressional findings made when the Bail Reform Act of 1984, itself, was enacted. In 1984, Congress specifically identified the perceived problem and explained how the legislation would address its concern. "[It is] the committee's determination that federal bail law must address the alarming problem of crimes committed by persons on

18

release and must give courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released." S.Rep., No. 98-225, 98th Cong., 1st Sess. 26 (1983), reprinted in 1984 U.S. Cong. & Admin. News 3182, 3187-88. The Supreme Court, in <u>Salerno</u>, relied on these Congressional findings in concluding that the Bail Reform Act was constitutional. <u>Salerno</u>, 481 U.S. at 750.

Accordingly, there is no identifiable government interest justifying the Congressional mandate to impose the Adam Walsh Amendment's conditions of release. The absence of such an identified government interest renders the restrictions excessive.

**2. Even if this Court were to discern a government interest underlying these Amendments, the Government's response -- mandating conditions of release in every case -- is excessive.**

Even if this court concludes, as the courts in <u>Crowell</u> and <u>Gardner</u> did, that the Adam Walsh Amendments "further advance the public's valid interest in protecting children from sexual abuse and exploitation through the production or possession of [] pornography...", <u>Crowell</u>, 2006 WL 3541736 at *7, the requirements of the Adam Walsh Amendments are an excessive response. <u>See</u> <u>Torres</u>, 566 F.Supp.2d at 600 (finding a Government interest in preventing crimes against children by those arrested); <u>Gardner</u>, 523 F.Supp.2d at 1029. It is unclear how "removing from judicial

19

consideration" the necessity of restrictive conditions like travel restrictions, limits on associations, electronic monitoring, and a curfew, actually address this concern, <u>Torres</u>, 566 F.Supp.2d at 598, especially where, as here, the offense charged relates to ordering images through e-mail messages for delivery by mail. There is not a rational relationship between these conditions and the suggested concern. As the court in <u>Crowell</u> found:

> [T]he imposition of such conditions on all defendants charged with certain crimes, regardless of the personal characteristics of each defendant and circumstances of the offense, without any consideration of factors demonstrating that those same legitimate objectives cannot be achieved with less onerous release conditions, will subject a defendant, for whom such conditions are, in the court's judgment, unnecessary, to excessive bail in violation of the Eighth Amendment.

<u>Id.</u> at *7.

In interpreting the Bail Reform Act, the Supreme Court in <u>Salerno</u> found that it did not violate the Excessive Bail Clause of the Eighth Amendment because the governmental response to a "perceived evil" was not excessive. 481 U.S. at 754. The Court, through the Congressional record, identified the legislative goal as addressing Congress's finding that offenders arrested on serious charges "are more likely to be responsible for dangerous acts in the community after arrest." <u>Id.</u> at 750 (citing S.Rep. No. 98-225, at 6-7). The Court concluded that the government's

20

response to this concern was not excessive, in violation of the Eighth Amendment, because the Bail Reform Act provided for a court to balance these competing interests on an individualized basis "after an adversary hearing" involving "numerous procedural safeguards." Id. at 755.

As noted above, fatally absent from the Adam Walsh amendments to the Bail Reform Act of 1984 are the "numerous procedural safeguards" and the "individualized" determination outlined in Salerno. Thus, conditioning Mr. Arzberger's release on the mandatory conditions of the Adam Walsh Amendments would subject him to excessive bail. Accordingly, the mandatory conditions of release sought to be imposed by the terms of the Adam Walsh Amendments violate the Eighth Amendment's prohibition against excessive bail. Torres, 566 F.Supp.2d at 600-02; Crowell, 2006 WL 3541736 at *6.

## E.   The Adam Walsh Amendments violate the Separation of Powers doctrine.

By mandating certain pretrial release conditions, the Adam Walsh Amendments also violate the Separation of Powers doctrine. "[W]ithin our political scheme, the separation of governmental powers into three coordinate branches is essential to the preservation of liberty." Mistretta v. United States, 488 U.S. 361, 380 (1989). "The doctrine of the separation of powers was adopted [not] to promote efficiency but the preclude the exercise of arbitrary power." Myers v. United States, 272 U.S. 52, 85

21

(1926); see also The Federalist, No. 47, at p. 324 (James Madison) ("The accumulation of all powers legislative, executive and judiciary in the same hand, whether of one, a few or many ... may justly be pronounced the very definition of tyranny.").

The separation of powers doctrine is violated when Congress "prescribes a rule of decision for courts to follow without permitting courts to exercise their judicial powers independently, including the consideration of relevant evidence." Crowell, 2006 WL 3541736 at *11 (citing United States v. Klein, 80 U.S. 128, 146-47 (1871)). Thus, as the Crowell court held:

> [B]y enacting the Adam Walsh Amendments, Congress has unambiguously imposed upon the federal judiciary a specific rule to be applied in determining the release of a defendant charged with specified offenses, thereby denying to the court the exercise of its judicial authority to set such conditions. In doing so, Congress has commandeered the court into acting as its agent for purposes of imposing the targeted release conditions. Since the Constitution was adopted, the setting of bail in federal criminal cases, with minor exceptions, has been recognized as representing the quintessential exercise of judicial power. As such, the Adam Walsh Amendments unmistakedly and unduly encroach upon the judicial function, exclusively reserved by Article III of the Constitution to the Judicial Branch, in violation of the separation of powers established by the Constitution's framework.

Crowell, 2006 WL 3541736 at *11 (citations and internal parenthetical omitted)(footnotes omitted).

Although Congress has the power to pass legislation

22

addressing conditions of bail, the Judiciary is ultimately charged with the "fixing of bail," _i.e._, determining whether or not an accused shall be released and under what conditions.   The Eighth Amendment to the Constitution requires that the Judiciary oversee the imposition of bail on an individualized basis.   Stack, 342 U.S. at 4.   The Adam Walsh Amendments to the Bail Reform Act therefore usurps a quintessential judicial function in violation of the Constitution.

## CONCLUSION

Based upon the foregoing, Mr. Arzberger respectfully urges the Court to find the Adam Walsh Amendments unconstitutional and, in turn, deny any request that Mr. Arzberger be placed on the mandatory pretrial release conditions set forth therein.

Dated:   New York, New York
         October 1, 2008

                          Respectfully submitted,

                          LEONARD F. JOY, ESQ.
                          FEDERAL DEFENDERS OF NEW YORK, INC.
                          APPEALS BUREAU

           By:   _____
                 **DARRELL B. FIELDS, ESQ.**
                 Attorney for Petitioner
                   **Jason Arzberger**
                 52 Duane Street, 10th Floor
                 New York, New York 10007
                 Tel.: (212) 417-8742

TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007

      Attn.:   **AMIE N. ELY, ESQ.**
               Assistant United States Attorney

24

## CERTIFICATE OF SERVICE

I certify that a copy of this Memorandum of Law has been served by first-class mail on the United States Attorney/S.D.N.Y.; Attn.: **AMIE N. ELY, ESQ.**, Assistant United States Attorney, One St. Andrew's Plaza, New York, New York 10007.

Dated:   New York, New York
         October 1, 2008

**DARRELL B. FIELDS**